## BARNES et al. v. HUNT.

No. 9289—Opinion Filed Sept. 10, 1918.

(175 Pac. 213.)

### Frauds, Statute of—Sufficiency of Memorandum.

A complete contract, binding under the statute of fraud, may be made through the medium of letters, writing, etc., signed and passing between the parties, when such writings are so related to the subject-matter and so connected with each other that it may be fairly said they constitute one paper relating to the contract.

(Syllabus by Hooker, C.)

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by J. C. Hunt against C. F. Barnes and William Hoover. Judgment for plaintiff, and defendants bring error. Affirmed.

Mounts & Davis and Williams & Latch, for plaintiffs in error.

Wilson & Roe, for defendant in error.

Opinion by HOOKER, C. J. C. Hunt sued C. F. Barnes and William Hoover, in partnership, for breach of contract to deliver 1,500 bushels of wheat. The plaintiff alleges in his petition that on or about August 21, 1914, he entered into a verbal contract with the defendants, acting through C. F. Barnes, whereby the defendants sold to him and he agreed to buy from them 1,500 bushels of wheat at 80 cents per bushel, same to be delivered f. o. b. the cars on the railroad track at Manitou, Okla., delivery to be made promptly; that immediately after August 21, 1914, he mailed to the defendants his acceptance in writing of said purchase and verbal contract, which acceptance set out fully the terms of his contract of purchase, and that the same was received by the defendants and acted upon by them, as shown by their letters to the plaintiff of date August 29, 1914, which letter was received by the plaintiff; that thereafter on or about August 30th, or September 3, 1914, the defendants informed the plaintiff that they would not comply with their contract and then and there refused to deliver said wheat; that the price of wheat had increased from 80 cents to $1.10 per bushel between the date of his purchase and September 3d; that after the said defendants refused to comply with said contract that he purchased the same grade of wheat and paid therefor the sum of $1.10 per bushel, and after deducting the difference in freight there was a balance due him of $441, for which he instituted this action to recover. The answer consisted of a general denial

and a further defense of the statute of frauds as prescribed by subd. 4, section 941, Rev. Laws 1910. To this a reply was filed, consisting of a general denial. Upon the trial a judgment was rendered in favor of the plaintiff below, to reverse which an appeal is had here, and the plaintiff in error is now contending that the confirmation of purchase, letters and telegrams introduced in the trial court are not sufficient for the plaintiff to base his cause of action upon, in view of the aforesaid section of the statute.

The correspondence which passed between the parties, as shown by the evidence below, is fully set forth as follows:

"Wichita Falls, Texas, August 21, 1914.

"To Hoover & Barnes, Manitou, Oklahoma:

"We confirm purchase from you by 'phone today of one car 1,500 bushels No. 2 wheat (hard and red mixed) at 80 cents per bushel, delivered f. o. b. track Manitou shipment prompt routing * * * final destination, weights and grades to govern and a reasonable margin must be left to guarantee same. It is understood and agreed that in case other grade than that ordered is shipped, it is done at shipper's risk and we are not liable for loss occasioned by such shipment. Exchange on drafts and inspection charges to be paid by shipper. Cars must be loaded to capacity as required by R. R. Co. on which the grain originates. In case grain on this contract is not shipped, we reserve the right to extend the time, cancel the contract, and buy in the grain for shipper's account. * * * Ship to Vernon, Texas, papers to us here.

"Yours truly, James C. Hunt Grain Co..
"Per W. P. G."

"Mail us separate invoice for each car as soon as loaded."

That plaintiff next wrote the following letter:

"Witchita Falls, Texas, August 28, 1914.
"Hoover & Barnes, Manitou, Oklahoma—Gentlemen: Please rush shipment of the 1, 500 bushel car of wheat bought of you August 21st. If you have not yet made shipment please let us know how soon we can expect it.

"Yours trully, J. C. Hunt Grain Co."

That the plaintiff next received the following letter from defendants:

"Manitou, Oklahoma, 8-29-14.

"J. C. Hunt Grain Co.—Sirs: Yours received and contents noted. Will say the recent rains have made the roads impossible for hauling wheat. I had this wheat bought from the farmers, but it has gone up and they won't deliver it. There was nothing here to load it but 60,000 capacity cars and is nothing else yet, so I began loading a

60,000 car and you will have to put up with that, when I get it loaded. I have 500 bu. in the car, but roads are too bad to haul. You can just expect 1,000 bu. I will get it to you as soon as I can. Can't buy any wheat here now for less than a dollar.

"Resp'y, Hoover & Barnes."

That in reply to the foregoing plaintiff sent the following telegram:

"Aug. 31-14.

"Hoover & Barnes, Manitou, Okla.

"Letter twenty-ninth received. Cannot accept thousand bushel car to fill contract. We bought fifteen hundred bushel and must have this quantity. Will give you ten days extension to enable you to secure if you want it. Let us know what expect.
"J. C. Hunt Grain Co."

The plaintiff further wrote and mailed this letter:

"Sept. 1st, 14.

"Hoover & Barnes, Manitou, Oklahoma—Dear Sirs: We yesterday received your letter of the 29th, saying you expected to ship us only 1,000 bu. of wheat on our 1,500 bushel purchase from you, and we immediately wired you that we could only accept what we bought. Usually, the grain man buys and sells on 1 to 1½c per bu. margin, which amounts to $10.00 to $15.00 per car, and the difference in the market at this time, on the 500 bushel which you proposed to short ship on this contract, would amount to $100 loss to us. Therefore, under these circumstances, we cannot accept less than the quantity we bought, and we believe you will see the merit of our position when you reflect over it. We will give you plenty of time to get the full 1.500 bushels, but we don't want to get stuck on it.

"Yours truly, The J. C. Hunt Grain Co."

The plaintiff then mailed this letter to defendants:

"Sept. 3d, '14.

"Hoover & Barnes, Manitou, Oklahoma—Dear Sirs: We confirm 'phone conversation with your Mr. Barnes to-day regarding the car of soft wheat you are due us on our purchase from you Aug. 21st. You stated over the 'phone that we would either have to take 1,000 bushels on this 1,500 bushel contract or get nothing, and we told you that if you did not ship us a car of 1,500 bushels by tomorrow, that we would buy it in for your account, which we shall do.

"There is no use of our arguing this matter, we will argue this when the proper time comes. We are,

"Respectfully, J. C. Hunt Grain Co."

This court has held that:

"A complete contract binding under the statute of frauds may be gathered from let-

ters, telegrams and writings between the parties relating to the subject-matter, and so connected with each other that they may be said to fairly constitute one paper relating to the contract."

See Halsell et al. v. Renfrow et al., 14 Okla. 674, 78 Pac. 118, 2 Ann. Cas. 286.

In Atwood v. Rose et al., 32 Okla. 355, 122 Pac. 929, it is said:

"A complete contract, binding under the statute of frauds, may be made through the medium of letters, writings, and telegrams, signed by and passing between the parties, when such writings are so related to the subject-matter, and are so connected with each other, that it may be fairly said they constitute one paper relating to the contract."

See, also, Thomas J. Baird Inv. Co. v. Harris, 209 Fed. 291, 126 C. C. A. 217.

Applying this rule to the letters and telegrams in the instant case we are of the opinion that the same are sufficient to take the case without the statute of frauds.

It will be ascertained that on August 21, 1914, immediately after the oral contract was made between these parties, the defendant in error confirmed the same by letter of that date, which fully and specifically prescribed the terms, conditions, etc., of said contract, and on August 28, 1914, by letter of that date they urged the immediate, shipment of the wheat bought on the 29th of August, 1914. The plaintiff wrote the defendant in error attempting to excuse nondelivery and seeking to be released from the fulfillment of the contract by a partial delivery of the 1,000 bushels, and afterwards stating that the wheat had increased in price to $1 and it was impossible to buy. Taking all these letters together there is, to our mind, but one conclusion to be reached, and that is as decided by the lower court.

The judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.