### KING COLLIE CO. v. RICHARDS.

No. 9487—Opinion Filed September 16, 1919.

Rehearing Denied October 14, 1919.

(Syllabus by the Court.)

**1. Frauds, Statute of—Written Memorandum—Sufficiency.**

The memorandum in writing relied upon to take a contract out of the statute of frauds, however informal, is adequate if it states the agreement with sufficient clearness. The memorandum must state the contract with such certainty that its essentials can be known from the memorandum itself or by a reference contained in it to some other writing without recourse to parol proof to supply them.

## 2. Evidence—Figures and Abbreviations—Evidence to Explain.

In the use of modern appliances to modern business when it is customary to use figures and abbreviations applicable to certain lines of business, oral evidence may be adduced to show in what sense figures and abbreviations were used and understood by the parties.

Error from County Court, Jefferson County: E. L. Dillard, Judge.

Action by V. L. Richards against the King Collie Company. From judgment for the plaintiff, the defendant brings error. Affirmed.

H. F. Weldon and Guy Green, for plaintiff in error.

Bridges & Vertrees, for defendant in error.

HIGGINS, J. For convenience, the parties will be referred to as plaintiff and defendant as they appeared in the lower court.

The plaintiff instituted suit against defendant and alleged that he entered into a verbal contract with it for the purchase by it of 65 bales of cotton; that the same was tagged with tags furnished by defendant and at the request of defendant, shipped to it at Bowie, Texas; that the contract price agreed upon was upon a basis of 19 1-16; that defendant refused to accept or pay for the cotton, whereupon plaintiff took possession and sold the same at the highest market price, but owing to a decrease in the market, there was a loss of $15 per bale, a total of $975, for which judgment is asked. For the confirmation of the contract, the plaintiff pleads the following memorandum:

"Bowie, Texas, 12-15-1916.
"Mr. V. L. Richards,
Terral, Okla.

"Dear Sir: On the 65 bl sold us @ 19 1-16 basis for which you classed and drew for, we reclassed this cotton and figure the class at 98 off mid. We also classed a list for Mr. Barber running 96¾ off. Your draft was returned for reasons indorsed. We insist on your filling this cotton at the earliest possible moment or let us cancel and buy elsewhere.

"Yours truly,
King Collie & Co.,
Per R. L. Kennedy."

The only question for determination is whether or not the memorandum in writing above referred to takes the case out of the statute of frauds. In support of his contention, that the case is within the statute of frauds, the defendant cites the following cases: Baker v. Halsell et al., 36 Okla. 429, 128 Pac. 1086; Wright v. Weeks, 25 N. Y. 153; Catterlin v. Bush (Or.) 65 Pac. 1064; Waterman v. Meigs. 58 Mass (4 Cash.) 497. The plaintiff fails to cite any authorities in his brief showing that the memorandum relied upon by him takes the case out of the statute of frauds, but argues in addition, that there has been an acceptance of the cotton by defendant, which is contrary to his pleadings, as he sets forth therein that there has been no acceptance of the cotton in question by defendant.

The statute relied upon to take the case out of the statute of frauds is section 941 of the Revised Laws of Oklahoma, 1910, which is as follows:

"The following contracts are invalid, unless the same or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent. * * * An agreement for the sale of goods * * * at a price not less than fifty dollars unless the buyer accept or receive part of such goods and chattels.* * *"

In regard to the requisites and sufficiency of the memorandum, 20 Cyc. 253, states the law as follows:

"The memorandum need not formally recite its purpose as a note of the agreement; any memorandum, however informal, is adequate if it states the agreement with sufficient clearness."

And on page 258 states:

"In order to render an oral contract falling within the scope of the statute of frauds enforceable by action, the memorandum thereof must state the contract with such certainty that its essentials can be known from the memorandum itself, or by a reference contained in it to some other writing, without recourse to parol proof to supply them."

The question in this case for determination is whether or not the letter of the King Collie Company of date, December 15, 1916, states the agreement between the parties with sufficient clearness. This letter states the number of bales of cotton sold, the basis upon which it was sold and a request that the defendant be permitted to cancel and buy elsewhere.

It is sufficiently clear that sixty-five bales of cotton were sold and that it was on a basis of 19 1-16, and that the defendant requests a cancellation of the contract. Oral evidence may be received to show in what sense figures and abbreviations may be used and their meaning may be stated as it was understood between the parties: In this case it was competent to prove by oral testimony what was meant by the parties in stating that the cotton was sold at 19 1-16 basis. This being a term peculiarly known to cotton men in the purchase and sale of cotton.

In Brewer v. Horst-Lachmund Co., 127 Cal. 643, 60 Pac. 418, it is stated:

"A telegram to a hop dealer, by his agent

W. stating, 'Bought thirteen, at eleven five-eighths net you; confirm purchase by wire to B;' with a reply by the dealer sent to B., stating: 'We confirm purchase W. eleven five-eight cent, like sample,'—are a sufficient written contract by the dealer to purchase hops to satisfy the statute of frauds, where it can be shown by parol evidence that, according to the usages of the hop business the words were understood by the parties to mean an agreement to purchase a certain quantity of hops, of a certain grade for a certain price."

We are, therefore, satisfied that the letter of the King Collie Company above referred to, in the light of the circumstances surrounding the parties, is sufficiently clear to show the agreement between the parties and to take the contract out of the statute of frauds. Any other conclusion than the one here reached would certainly impair the usefulness of modern appliances to modern business, tend to hamper trade and increase the expense thereof.

The defendant contends that the contract is within the statute of frauds for the reason that the evidence shows that it was to pay a certain price for a class of cotton called "boleys", and that this is not mentioned in the letter or memorandum; that is, that all the contract is not set forth in the memorandum. This contention is untenable for the reason that it was optional with plaintiff to ship this class, that he elected not to do so but shipped the grade referred to in the letter of which the letter is a confirmation of that portion of the contract which was optional with plaintiff to fulfill.

Judgment affirmed.

OWEN, C. J., and PITCHFORD, McNEILL, and SHARP, JJ., concur.