## STEWART v. RIDDLE.

No. 9179—Opinion Filed Oct. 7, 1919.

(Syllabus by the Court.)

1. **Damages—Building Contract—Defects—Measure of Damages.**

The measure of damages for defects in the construction work of a building, substantially completed according to the plans and specifications, is the cost of repairing the defects, and not the difference between the value of the building as constructed and what it would have been if constructed according to the plans and specifications.

2. **Appeal and Error—Evidence—Sufficiency.**

Where the evidence is conflicting the verdict of the jury will not be disturbed if there is any evidence reasonably tending to support the same.

3. **Witnesses — Competency — Husband and Wife.**

A husband is a competent witness for his wife concerning transactions in which he acted as her agent, or when he is a joint party and has a joint interest in the action.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by J. B. Riddle and another against A. F. Stewart and another for breach of a building contract. From judgment in favor of the plaintiffs the defendants bring error. Affirmed.

Fulton, Shirk & Danner, for plaintiffs in error.

M. S. Singleton, for defendants in error.

RAINEY, J. This is an action for the alleged breach of a building contract. The cause was tried to a jury, resulting in a verdict for the plaintiffs in the sum of $713.75.

The first two assignments of error are as follows:

"First. The court erred in admitting over the objections and exceptions of plaintiffs in error, incompetent, irrelevant, and immaterial testimony.

"Second. The court erred in holding that defendants in error could recover as damages, what it would cost them to have the building repaired and put in the same condition as the Enoch's bungalow."

And under these assignments of error it is contended that the proper measure of damages for the defective construction of a building under a building contract is the difference between the value of the building as constructed and what the value would have been had it been constructed according to the contract. According to the plaintiffs' evidence, which we must consider as true since the verdict of the jury was in their favor, the foundation to the building was so insecure and defective that it would have to be rebuilt to prevent the house from becoming a wreck and to make it suitable for occupancy as a home. The record further shows that these defects could be remedied at substanially the cost awarded the plaintiff by the verdict of the jury.

An examination of the adjudicated cases discloses that the method of ascertaining the damages sustained by the owner from the defective performance of a building contract varies according to the nature of the defects, and that different elements frequently enter into the consideration in different cases. After a careful examination of Wiebener et al. v. Peoples, 44 Okla. 32, 142 Pac. 1036, and the cases collected in the note to J. A. Graves v. Allert & Fuess, 104 Tex. 614, 142 S. W. 869, 39 L. R. A. (N. S.) 591, we have concluded that the rule applied by the great weight of authority may be briefly stated as follows: Where the building is constructed and substantially completed according to the plans and specifications, the measure of damages for defects in the construction work is the cost of repairing the defects, but where the defects are such that they cannot be remedied without the destruction of some substantial part of the benefit which the owner's property has received by reason of the contractor's work, or where the cost of remedying the defect will not fully compensate the owner for damages suffered by him, the measure of damages is the difference between the value of the building as constructed and what it

would have been if constructed strictly according to the plans and specifications.

The instant case is not similar to one where the building is constructed substantially according to the contract except that the rooms are not of the dimensions contracted for, or there is some other defect that does not render the building substantially unfit for the owner's use. On account of the defective and insecure foundation, the house built for the plaintiffs in this case, according to the evidence, cannot be used by them for the purposes for which it was erected. The defects, however, can be, remedied without reconstructing the entire building, and without any change in the plans, for it is shown by the evidence that it is feasible in its present condition to prop it up and place a secure foundation thereunder. Under the circumstances we think the proper measure of damages in this case was the cost of remedying the defects, and that the evidence was not improperly admitted.

Under the third assignment of error it is contended that the evidence does not support or reasonably tend to support the verdict of the jury and the judgment of the court. It would serve no useful purpose to discuss the evidence. It is sufficient to say that we have examined the same and find that it reasonably tends to support the verdict of the jury and meets the test required in cases of this character.

Under the fourth and fifth assignments of error it is urged that the court committed material error in permitting plaintiff J. B. Riddle to testify as a witness in the case, over the objection of the defendants, for the alleged reason that it was shown that he was the husband of the plaintiff Ruth Peery Riddle, and that he was not acting as her agent and did not have a joint interest with his wife in the action. This objection is without merit in the light of the third subdivision of section 5050, Rev. Laws 1910, which provides:

"The following persons shall be incompetent to testify: * * *

"Third. Husband and wife, for or against each other, except concerning transactions in which one acted as the agent of the other. or when they are joint parties and have a joint interest in the action; but in no case shall either be permitted to testify concerning any communication made by one to the other during the marriage, whether called while that relation subsisted, or afterwards."

It appears from the evidence that the contract was entered into by and between the plaintiff, Ruth Peery, and A. D. Stewart and Dave Wilderson, partners, but that at said time J. B. Riddle and Ruth Peery were engaged and expected to be married, and intended making the house constructed by the defendants their home. Soon thereafter they did marry, and after the house was completed accepted it as their home. The defendants were informed of all the circumstances and knew that Mr. Riddle was furnishing the money for the construction of the house. Moreover, plaintiffs' petition alleged that the interest of J. B. Riddle was that of one of the joint owners of the property and "that in all the negotiations covering the making of said contract the said J. B. Riddle acted for himself and as the agent of the said Ruth Peery, now Ruth Peery Riddle." The allegation of agency was not denied under oath and stands as admitted. It follows that the court did not err in permitting him to testify.

We have examined the instructions of the court and find that they fairly and fully cover the law of the case, and, from an examination of the entire record, we cannot say that any slight error, if any there may be therein, has probably resulted in a miscarriage of justice. Section 6005, Rev. Laws of 1910.

Finding no reversible error in the record, the judgment is affirmed.

All the Justices concur, except HARRISON and BAILEY, JJ., absent.