## GALOOB et al. v. ROCK.

No. 10935—Opinion Filed Dec. 12, 1922.

(Syllabus.)

1. **Appeal and Error — Requisites of Brief —Review—Sufficiency of Evidence.**

Under rule No. 26 of this court, it is the duty of counsel for the plaintiff in error, where the sufficiency of the evidence is challenged to support the judgment of the trial court. to file a brief containing an abstract of the evidence in order to have the same reviewed by this court to ascertain whether there is sufficient evidence to support the judgment. Record examined, and held, that the evidence is sufficient to support the judgment.

2. **Frauds, Statute of — Contracts—Sale of Personal Property.**

A contract for the sale of personal property exceeding $50 in value negotiated orally and subsequently confirmed and ratified by letters in writing constitutes sufficient memorandum to comply with the statute of frauds.

Error from Superior Court, Okmulgee County. Henryetta Division; R. E. Simpson, Judge.

Action by Charles F. Rock against D. Galoob et al. for damages. Judgment for plaintiff. and defendants bring error. Affirmed.

A. E. Graham, and W. A. Barnett, for plaintiffs in error.

Hummer & Foster, for defendant in error.

KENNAMER, J.. Charles F. Rock, plaintiff, commenced this action in the superior court of Okmulgee county, Henryetta division. against D. Galoob, Mrs. D. Galoob, and F. Ammerman, defendants, to recover damages for breach of contract. The cause was tried on the 3rd day of February, 1919, to the court, a jury having been waived by the

parties. Judgment was entered in favor of the plaintiff in the sum of $1,121.85. The defendants filed motion for new trial, which was by the court overruled, exceptions allowed, and this appeal is prosecuted to reverse the judgment of the trial court.

The material facts necessary to be considered in determining the questions presented under the different assignments of error in substance are as follows: That on or about the 27th day of July, 1917, the defendants, who were engaged in the mercantile business at Dewar, Okla., placed an order with the Thomas Milling Company at Weatherford, Okla., for a car of flour of 125 barrels to be delivered in 30 days; that on or about the 6th day of August, 1917, the defendants placed another order with said milling company for a car of flour and feed to be delivered in about 30 days. The plaintiff alleged in his petition that the Thomas Milling Company was ready and willing to deliver the flour and feed as contracted for by the defendants. The evidence introduced on behalf of the plaintiff showed that the Thomas Milling Company wrote letters advising the defendants of having received the orders and booked the same in accordance with the orders given by the defendants, one over the telephone and the other through a traveling salesman. On August 24, 1917, F. Ammerman, one of the defendants, wrote a letter to the Thomas Milling Company confirming the sale, and requested the flour not be shipped until notified. An examination of the evidence clearly establishes the fact that the defendants contracted to purchase the flour and feed, as alleged by the plaintiff.

The cause of action for breach of the contract had been assigned by the Thomas Milling Company to Charles F. Rock, plaintiff in the action.

On September 7th, F. Ammerman, by letter, advised the Thomas Milling Company that he had about decided to go out of the grocery business, and while he would like to take the flour, he did not have the ready cash to pay for the same, and in substance canceled the orders.

Counsel for the plaintiffs in error argue but two propositions: First, that the judgment is not sustained by sufficient evidence; second, that the contract of purchase is void under the statute of frauds (section 941, Rev. Laws of 1910).

Counsel for plaintiffs in error fail to comply with rule No. 26 of this court, in that they present no abstract of the testimony introduced at the trial in their brief, and under the rule this court is not required to search the record for the purpose of ascertaining whether there is sufficient evidence to support the judgment of the trial court. If counsel for the plaintiffs in error desired this court to review the evidence, in order to consider their assignment of error as to the sufficiency of the evidence to support the judgment, they should have abstracted the material testimony and specifically directed the court's attention wherein the evidence is insufficient to support the judgment of the court. However, we have examined the evidence presented by counsel for defendant in error in their brief, and are of the opinion it is sufficient to support the judgment rendered by the trial court.

The next proposition argued by counsel for plaintiffs in error is that the contract sued upon by the plaintiff is void under the statute of frauds. It appears that the orders placed by the defendants for the cars of flour and feed were orally made with the Thomas Milling Company, but the same were confirmed by letters, and this having been done, removed the contract from the operation of the statute of frauds, if it be conceded the contract was within the statute when the orders were placed with the milling company. The Thomas Milling Company wrote the defendants advising them in detailed statement of what it understood the order to be, and requesting the defendants to notify the company if the orders were not as stated in the letters. The only reply made to these letters by the defendants was an acknowledgment that they had ordered the cars of flour. In the first letter of the defendants they requested that the flour not be shipped until the milling company was notified by the defendants. It is clear that these letters operated to constitute sufficient memorandum to take the contract out of the statute of frauds. Barnes et al. v. Hunt, 73 Oklahoma, 175 Pac. 215; King Collie Co. v. Richards, 76 Okla. 6, 184 Pac. 130; Kingfisher Mill & Elevator Co. v. Westbrook, 79 Okla. 188, 192 Pac. 209; American Refining Co. v. Bartman et al., 261 Fed. 661.

No reversible error appearing from the record, the judgment of the trial court is affirmed.

HARRISON, C. J., and KANE, JOHNSON, McNEILL, MILLER, NICHOLSON, and COCHRAN, JJ., concur.