## MASSIE-WILSON GROCERY CO. v. CARROLL, BROUGH, ROBINSON & HUMPHREY.

No. 14602—Opinion Filed Dec. 9, 1924.

**1. Frauds, Statute of—Sufficiency of Memorandum—Several Related Writings.**

A contract enforceable under paragraph 4 of section 5034, Comp. Stat. 1921, must be in writing, or some note or memorandum thereof, be in writing, and subscribed by the party to be charged, or by his agent, but the note or memorandum need not consist of one paper or writing, but may consist of several writings, signed by and passing between the parties, when such writings are so related to the subject-matter, and are so connected with each other, that it may be fairly said they constitute one memorandum relating to the contract.

**2. Same—Time of Making Memorandum.**

The statute does not contemplate that the contract between the parties shall be made in writing, but, as against the party to be charged, it shall be evidenced by a writing signed by him, and the memorandum may be made at or after the time of making the contract.

**3. Same—Memorandum Sufficient.**

The record examined, and held sufficient to show a memorandum of the contract between the parties; held, further, sufficient to sustain the judgment of the trial court.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Kiowa County; Thomas H. Edwards, Judge.

Action by Carroll, Brough, Robinson & Humphrey against Massie-Wilson Grocery Company to recover for bill of sugar and molasses under sale contract. Judgment for plaintiff, and defendant brings error. Affirmed.

Ross Cox and Rummons & Hughes, for plaintiff in error.

A. J. Welch, for defendant in error.

Opinion by THREADGILL, C. This appeal presents error from the district court of Kiowa county.

The plaintiff in error was defendant and defendant in error was plaintiff in the trial court, and for convenience will be referred to here as they were there. Plaintiff brought suit against defendant to recover the sum of $1,607.99 for a bill of sugar and syrup which plaintiff claimed defendant ordered and agreed to pay for, and which it shipped to defendant at Hollis, Okla.

By permission of court plaintiff filed an amended petition pleading a contract, partly in writing and partly verbal, for the purchase of the sugar and syrup. That the writing consisted of defendant's order and was as follows:

"Carroll, Brough, Robinson & Humphrey, Wholesale Grocers.

"7-21-1920.

"Massie Wilson Gro. Co.

| | | |
|---|---|---|
| "10 Cs 6-10 Honey Suckle | $10.50 | |
| "15 Cs 6-10 Green Velva | 9.00 | |
| "10 Cs 6-10 Koo Koo | 9.50 | |
| "25 Cs 25-2 Cane Sugar | 25.15 | |
| "25 Ck 10-10 Cane Sugar | 25.00 | |
| "15 Cs 4-25 Cane Sugar | 24.00 | |

"(Signed) Massie-Wilson Gro. Co.

"Hollis car.

"By Wilson."

Plaintiff further states that as evidenced by this signed order, it sold to defendant, on July 21, 1920—

10 cases of syrup at $10.50 per case,
15 cases of syrup at 9.00 per case,
10 sacks of sugar at 25.15 per sack,
25 sacks of sugar at 25.00 per sack,
15 sacks of sugar at 24.90 per sack.

That the goods were shipped in a special car to Hollis with other orders for other merchants in said city, and the same arrived there about the first of August, 1920, and defendant refused to receive the goods and pay for same.

The defendant filed answer admitting that it signed the written instrument described and pleaded by plaintiff, but say it did not constitute a contract for the purchase of the goods, and is not binding on defendant. Defendant further admits a verbal contract for purchasing the goods and says there was none other, and the price of the goods being in excess of $50, and the goods were never received by them, and under the statute of frauds they are not bound. They further plead fraud in stating that the salesman for plaintiff represented that prices were going up when as a matter of fact they were coming down, and they were deceived by the said agent, and thereby induced to give the order. Plaintiff replied by general denial except as to consistent statements with the petition, then pleads a correspondence with plaintiff wherein by letter defendant attempted to cancel the order, which it states confirmed the order and supplied the missing link in the order showing the relation between the parties named therein. The correspondence consisted of two letters as follows which were made exhibits:

"Carroll, Brough, Robinson & Humphrey Wholesale. Grocers, Clinton, Oklahoma, September 28, 1920.

"Massie-Wilson Grocery Co.

"Hollis, Okla.

"Gentlemen:

"Your attention is called to the attached statement. On this statement is an item under date of July 30, $1,607.88, for F. & F. sugar and syrup, which was sold to you by our Mr. Doolen in the presence of our Mr. George P. Pemberton, for which we have your signed order.

"This account has been handed to me with the advice that you refused to accept these goods when the car reached Hollis, and that they are still in storage. Just why you did this is not clear to me, but I have taken the matter up with both Mr. Doolen and Mr. Pemberton, and there can be no question about your having bought these goods; neither is there any question about your signature to the purchase. Mr. Pemberton and Mr. Doolen advise me that all of this sugar and syrup in the Hollis car was sold and delivered, and no objection made by any other customer.

"Before taking any action to collect this account I am asking you to mail us your check for the amount. You know us well enough to know when we sell goods we deliver them, and when we buy them we take them and pay for them, and expect our trade to do the same thing.

"It sometimes happens that we have salesmen who are incompetent and make mistakes for which we are compelled to lose, but this is one case where no such accusation is made or can be made, and unless we have your check covering the amount by the first of the month, this account will be placed in the hands of our attorneys with the instructions to proceed to collect the same. This we assure you we would dislike to do, but will do it if you force us to.

"Yours truly,

"E. A. Humphrey, Secy. & Treas."

Attached to this letter was a statement of the account as follows:

"Clinton, Okla., Sept. 27, 1920.

"Massie-Wilson Gro. Co.

"Hollis, Okla.

"In account with

"Carroll, Brough. Robinson & Humphrey, (Incorporated.)

"Wholesale Grocers.

"Dec. 23 Net.      3.50
"Jul. 30 Net. 1607.88
"Sep. 14 Net.    51.25
    "18  Wud     98.04
    "25  Net.    20.50
                $1,718.17

Defendant answered this letter as follows:

"Massie-Wilson Grocery Co,

"Hollis, Oklahoma.

"September 29, 1920.

"Mr. E. A. Humphrey,

"Clinton, Oklahoma.

"Dear Mr. Humphrey:—

"We herewith hand you our check for $168.81 with 98 cents deducted in payment of our account. I have made explanation on the enclosed statement of which I hope will be entirely satisfactory. The sugar and syrup was canceled in due time as it was to be September delivery. We have cases every few days where you fail to deliver goods that we buy. We have both local and future orders that you have failed to deliver in 1920, 1919, and 1916 and we have proof where you have made concessions on these same shipments of sugar and syrup. Of course that's entirely out of order in this case as we canceled our order in due time. We are very sorry indeed that you have to call attention to these past due accounts and would be glad you would instruct your salesman to collect these bills every week as we mean to be prompt in the paying of our bills.

"Yours very truly,

"Massie-Wilson Grocery Co.

"Wilson."

Attached to this letter was the following statement:

"Clinton, Okla. Sept. 27, 1920.

"Massie Wilson Gro. Co.

"Hollis, Oklahoma.

"In account with Carroll, Brough, Robinson & Humphrey, (Incorporated.)
"Wholesale Grocers.

"Dec. 23 net      3.50
"July 30 net  1607.00
"Sep. 14 net     51.25
   "13  30 D      98.04
   "25  net       20.50
   "Disc.        169.79
                    .98
                 "1781.17
"Bal. due.      168.81."

This cause was tried to the court and jury on February 15, 1923, and resulted in judgment for the plaintiff, and defendants appeal by petition in error and case-made, urging three assignments as follows:

"1. Errors of law occurring at the trial to which the defendant at the time duly excepted. 2. The district court erred in overruling defendant's motion for a directed verdict, to which defendant at the time excepted. 3. The district court erred in overruling the defendant's motion for a new trial to which the defendant at the time duly excepted."

These assignments of error are discussed

under one proposition, that the memorandum of the contract upon which the action is based is not sufficient to comply with the statute of frauds, and the contract is unenforceable.

Defendant contends that since the memorandum, made at the time the order was given, does not contain any word or statement showing which party was the vendor and which the purchaser, it is too indefinite to constitute a written contract under the statute of frauds, which provides, in paragraph 4 of section 5034, Comp. Stat. 1921, that a contract for the sale of goods, chattels, or things in action, at a price not less than $50 shall be invalid, "unless the same, or some note or memorandum thereof be in writing, subscribed by the party to be charged, or by his agent."

Plaintiff cites the case of Nichols v. Johnson, 10 Conn. 192, and other cases in support of its contention, and if there were no other written exhibit in the pleadings and evidence than the order, we would be disposed to hold with the defendant's contention, but when we consider the two letters above quoted, which were pleaded in the reply of plaintiff and admitted in evidence, we are forced to the conclusion that the contract was sufficient to comply with the statute of frauds.

It will be observed that the letter written by the plaintiff to the defendant and containing an attached statement refers to the written memorandum of the sale, and identifies the seller and the purchaser, and the answer to this letter confesses that the order was given by the defendant, but contends that the same was canceled and the same itemized statement or a copy as attached to plaintiff's letter was attached to defendant's answer with the items in controversy crossed out. This was sufficient identification of the contract under the rule laid down in 20 Cyc. 254; Halsell et al. v. Renfro et al., 14 Okla. 674, 78 Pac. 118; Atwood v. Rose, 32 Okla. 355, 122 Pac. 929; Barnes v. Hunt, 73 Okla. 92, 175 Pac. 215. The Atwood-Rose Case states the rule in the following language:

"A complete contract, binding under the statute of frauds, may be made through the medium of letters, writing and telegrams, signed by and passing between the parties, when such writings are so related to the subject-matter and are so connected with each other, that it may be fairly said they constitute one paper relating to the contract."

We must, therefore, conclude that the contract of sale mentioned under this section need not be in writing to make it valid and binding, but only some "note or memorandum" of the contract, signed by the party to be charged, is necessary, and from the construction placed upon this statute by our court, the note or memorandum need not consist of only one paper, but may be made up of several papers if connected and referring to the contract in question.

2. Counsel in their briefs have raised and discussed the question as to when the memorandum should be made to be binding upon the parties, and upon examination of the authorities, while there seems to be some conflict on the subject, the rule most reasonable and most widely favored is stated in 25 R. C. L., section, 271, page 642, as follows:

"It is a general rule that the memorandum may be made after a breach of the contract, though the party to be charged had signed no writing by which he could be charged."

And, also, in the case of Capitol City Brick Co. v. Atlanta Ice & Coal Co. (Ga.) 63 S. E. 563, under a statute similar to ours, the rule is stated as follows:

"The statute of frauds does not contemplate that the contract between the parties shall be made in writing, but as against the party to be charged, it shall be evidenced by a writing signed by him. The moment written evidence of the contract under his hand, in whatever form, exists, the contract is taken out of the statute, even though such an admission is in the form of a letter repudiating the contract." Louisville Asphalt Varnish Co. v. Lorick (S. C.) 2 L. R. A. 212; Drury v. Young, (Md.) 42 Am. Rep. 343.

As we understand the meaning and purpose of this section, 5034 of our statute, it does not prohibit the making of a verbal contract, but only relates to the remedy of enforcing it. This seems to be the proper meaning of the statute as held by many states, and as embodied in the rule laid down in 27 C. J. page 309, section 398, as follows:

"In most jurisdictions the statute of frauds is held to relate to the remedy only and not to affect the validity of an oral contract within its terms. Such a contract, if otherwise valid, remains so, and the sole effect of the statute is to render it unenforceable by one party against the will of the other who abandons or repudiates it."

See the many cases cited under this rule, including our own court.

The record discloses that the defendant does not deny the contract of sale, but admits that it ordered the goods, nor does it deny it signed the original order, but admits

the signature, and claims the contract non-enforceable for lack of sufficient memorandum, but we are of the opinion that the original order and the correspondence between the parties are sufficiently plain, when considered together, to constitute a memorandum under the statute authorizing the enforcement of the contract of sale, and since this is the only question involved in the appeal, we do not deem it necessary to discuss or pass on other interesting questions raised by the briefs of the parties.

We, therefore, recommend that the judgment of the court be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 27 C. J. § 308; (2) 27 C. J. § 398; (3) 27 C. J. § 480.