**ALMA INVESTMENT CORPORATION,**
Plaintiff in Error,

v.

Charles D. WILSON, and Joean Wilson,
Defendants in Error.

No. 40049.

Supreme Court of Oklahoma.

Oct. 1, 1963.

Young, Young & Young, by John W. Young, Sapulpa, for plaintiff in error.

R. E. Stephenson, Sapulpa, for defendants in error.

WELCH, Justice.

The defendant Alma Investment Corporation filed answer and cross-petition seeking specific performance of a contract for deed in the suit which had been instituted by plaintiffs, Charles D. Wilson and Joean Wilson, to quiet title. Said plaintiffs are in possession of the concerned realty which formerly belonged to Dennis Reed and Maxine Reed as tenants in common, but was subsequent to the date of the contract under which Alma Investment Corporation claims, set over to Maxine Reed in a divorce action and by her and Jimmy Frost, her second husband, conveyed to Lola Luton and by Lola Luton and Henry Luton to the plaintiffs. Plaintiff's petition to quiet title was by them, with the approval of the court, dismissed. Left pending is the cross-petition, as amended, of Alma Investment Corporation.

The district court's order states that the plaintiffs' demurrer to defendant's cross-petition is sustained because defendant's pleading fails to state a cause of action against the Wilsons for specific performance. Principal argument of the parties briefs is whether the several writings of a transaction between Alma Investment Corporation and former owners of the concerned property, Dennis Reed and Maxine, constituted a contract for sale of the property by them, notwithstanding the absence of signature of Maxine Reed to the actual contract of sale. Also presented is an issue of whether, in the event a judgment for specific performance of the contract of the prior owner of the property be found proper, the same should operate as a judgment for specific performance against present owner, the Wilsons, under the circumstances as alleged by Alma's pleading.

The record and briefs of the parties show that Maxine Reed did not sign the contract, although it was typed for her execution as well as for execution by Dennis Reed, who signed it. The contract dated June 22, 1956, provided for sale of the equity of Dennis Reed and Maxine Reed in the certainly described property for $537.50 of which $75.00 was acknowledged as having been received and the balance of $462.50 to be paid within sixty days from date, buyer to assume loans on the property approximating $1275.00 and in the event of default by the buyer the $75.00 paid should be forfeited. Time was stated to be of the essence. Deed and abstract were to be delivered upon payment of the remainder of the cash consideration and fulfillment of all stipulations therein. The $75.00 down payment check bore the notation: "Deposit on 10 acres with 3-room house 4 miles west of Sapulpa, as per contract." The down payment check was payable to Dennis Reed and Maxine Reed and bears both their endorsements,

After the expiration of 60 days a notation was made on the contract: "August 21, 1956. This option to buy released by mutual agreement and $75.00 deposit forfeited. Dennis Reed."

A subsequently dated notation on the contract reads: "August 24, 1956, Contract reinstated to original terms with additional $75.00 to apply toward purchase price. Extend to Jan. 1, 1957. (Credit will be allowed to seller for all $31 payments paid from August 1956) Dennis Reed."

The second check in the amount of $75.00 issued by Alma Investment Corporation payable to Dennis Reed and Maxine Reed bore the notation: "To reinstate contract

entered into June 22, 1956, with $150.00 applying towards purchase price" was endorsed by both Dennis M. Reed and Maxine S. Reed.

Copies of the aforesaid were attached to defendant's pleading as well as a copy of a letter from defendant to Mr. and Mrs. Dennis Reed dated Nov. 16, 1956, advising that the buyer desired to complete the contract and requesting delivery of the abstract. The cross-petition tenders the unpaid balance.

■ It will be observed that the notation on the first $75.00 check: "Deposit on 10 acres and 3-room house 4 miles west of Sapulpa as per contract," and that on the second $75.00 check: "To reinstate contract entered into June 22, 1956, with $150.00 applying towards purchase price," both of which were signed by Maxine Reed as well as by the signer of the contract itself, Dennis Reed, bear reference to the contract. The memorandum of a contract required by the statute of frauds may consist of several writings related to the subject-matter of a contract so that they may be fairly said to be one paper relating to the contract. The memorandum may consist of a writing signed by the party to be charged and another writing or writings expressly referred to in the signed writing. This court so held in the following cases: Barnes v. Hunt, 73 Okl. 92, 175 P. 215; Massie-Wilson Grocery Co. v. Carroll, Brough, Robinson & Humphrey, 105 Okl. 56, 231 P. 1084; Pierce Petroleum Corp. v. Hales, 147 Okl. 42, 294 P. 160; Thompson v. Giddings, Okl., 276 P.2d 229.

■ In Gall v. Brashier, 10 Cir., 169 F.2d 704, 12 A.L.R.2d 500, it was held that the memorandum required by the statute of frauds may consist of several writings between the parties if they are so related to the subject-matter and so connected with each other that they may be fairly said to constitute one paper relating to the contract.

In the decision of this court in Thompson v. Giddings, supra, it was held that the

vendor's receipt referring to a check from the purchaser of five acres of royalties was sufficient memorandum where the property was identified in the check with particularity and the reference could not be confused with any other property, the receipt and check appearing to have been executed and exchanged as part of the same transaction.

■ Any objection by Maxine Reed, the other party to be charged by the transaction, that her husband, Dennis Reed, acted in her behalf as agent and that the contract entered into is invalid as a memorandum for the reason that the agent's authority was not shown to be in writing subscribed by her, is removed by our consideration that the checks, or check, bearing her personal endorsement is, by the notation thereon shown to be a part and parcel of the contract. While, in the trial of a case it might be shown otherwise, it can be inferred from Alma's pleadings that she, as principal, retained and enjoyed the benefits of the bargain thereby validating her agent's alleged unauthorized act. In Pasotex Petroleum Co. v. Cameron, 10 Cir., 283 F.2d 63, a principal was deemed to have, under a similar situation, ratified an agent's action so as to take the contract out of the statute of frauds.

■ As to whether the plaintiffs, Charles D. Wilson and Joean Wilson, the subsequent possessors of the concerned property, are persons against whom a judgment for specific performance against the prior owners thereof will operate we need but refer to paragraph VII of the cross-petition, as amended. The allegation there is to the effect that the contract was of record at a time prior to its acquisition by them, and that, in addition, Alma had given them actual notice of the fact of its claim, and the basis therefor. While the burden of proving notice to the plaintiffs should be upon the party pleading it in a trial of the case the allegation is to be, of course, taken as admitted in a demurrer. The constructive notice of the recorded contract, even without the signature of the wife on the vendor's side of the contract,

would seem to put a prudent man considering the purchase of the property upon inquiry. We said in Owens v. El Gato Investment Co., Okl., 332 P.2d 22–31, under somewhat comparable circumstances, that if one placed upon notice to inquire would have upon prosecuting inquiry acquired actual notice of rights claimed adversely to his vendor, he is chargeable with the actual notice he would have received. Irrespective of such statement in that case, the question seems settled by decision of this court in Dillard v. Ceaser, 206 Okl. 304, 243 P.2d 356, that subsequent purchasers of interests in realty are proper parties against whom to enforce a contract made with the prior owner of the realty.

The demurrer to the cross-petition should have been overruled and the cause is therefore reversed and remanded with directions to vacate the order sustaining the demurrer thereto and proceed further.