### AKERS et al. v. BROOKS.

*No. 13234—Opinion Filed Sept. 30, 1924.*

1. **Frauds, Statute Of—Escrow Deed Pursuant to Parol Agreement.**

Where the vendor, pursuant to a parol agreement to convey lands, executes a deed to the vendee and deposits the same in escrow to be delivered to the vendee upon the payment of the balance of the purchase price, and the recitals of such deed contain the terms of the parol agreement, including the consideration, it is a sufficient compliance with the statute of frauds.

2. **Same—Sufficiency of Deed as Memorandum.**

The recitals of a deed, which describes the subject-matter, names the vendor and vendee, and states the consideration. is not insufficient as a memorandum by reason of its failure to state the time of payment, as such omission is supplied by section 5060, Comp. Stat. 1921.

3. **Escrows—Deed in Escrow — Passing of Equitable Title**

Equity treats things agreed to be done as actually performed, and where real estate is sold under valid contract, and the deed executed and placed in escrow, to be delivered at a future date on payment of the purchase money, the equitable title passes at once to the vendee. and such equitable title is sufficient to support an action under the provision of section 466. Comp. Stat. 1921, to determine title and for possession.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Carter County; B. C. Logsdon, Judge.

Action brought by Crayton S. Brooks for possession of certain real estate situated in Carter county, Okla., and for damages for the wrongful detention thereof, against J. H. Akers, Jessie B. Akers, Effie Akers. Amilee Akers, Roy Akers, and Eula Akers. Judgment went for plaintiff, and defendants have appealed to this court. Affirmed.

Sigler & Jackson, for plaintiff in error.

Ledbetter & Ledbetter, for defendant in error.

Opinion by DICKSON, C. On the 5th day of January, 1920, the defendant in error, Crayton S. Brooks, commenced an action in the district court of Carter county, Okla., against the plaintiff in error, J. H. Akers and Mrs. J. H. Akers, his wife, under the provision of section 466, Comp. Stat. 1921, for the purpose of determining the adverse claim or interest of said Akers and wife in and to certain real estate in Carter county, and for possession of said real estate, and for damages for the wrongful detention thereof.

The parties will be referred to hereafter as plaintiff and defendants as they were designated in the trial court.

The essential facts set out in the plaintiff's petition and established on the trial are as follows: That on the 12th day of July, 1919, the defendants, J. H. Akers and wife, being the owners of the real estate involved, entered into an oral contract with the plaintiff to sell and convey the same to the said plaintiff for a consideration of $4,500, and on the same day, pursuant to said oral contract, the said J. H. Akers and wife executed and acknowledged a warranty deed purporting to convey the said real estate to the plaintiff for and in consideration of the sum of $4,500, which consideration was expressed in the deed; that on said date the plaintiff paid $100 upon the consideration, and by agreement of the parties said deed

was deposited with I. R. Mason to be delivered to the plaintiff upon the payment of the balance of the purchase price; that at the same time an abstract of title, furnished by the defendants, was delivered to I. R. Mason by the plaintiff to be examined, and it appears to have been the understanding of the parties at the time that when this abstract was examined and the title approved by I. R. Mason, the plaintiff would pay the balance of the purchase price.

On the 22nd day of July, 1919, I. R. Mason approved the title and it appears that both Akers and Brooks were present and the plaintiff Brooks offered to pay the balance of the purchase price, but at their request the defendants were allowed to retain possession of said premises until the 1st day of October, 1919, and the plaintiff thereupon paid $400 more upon the purchase price, and retained the balance of the purchase price until the defendants could give possession. It appears that the $500 thus paid went to the agent of the defendants, I. R. Best, as commission for negotiating the sale of the property to the plaintiff and was paid with the knowledge and consent of the defendants: that the deed and abstract were left with I. R. Mason, and that he was directed to deliver the deed to the plaintiff upon the payment of the balance of the purchase price, $4,000. Both parties appear to have considered the transaction as closed, with the exception of the delivery of the deed and possession and the payment of the balance of the purchase price. The defendant Akers told other parties that he had sold the property and went about making arrangements for procuring another home. A little later, having become dissatisfied with the sale, Akers offered the witness Best $150 if he would induce the plaintiff to rescind the contract, and having failed in this, by some means induced Mason to return the deed to him. It appears that the plaintiff was at all times ready and willing to pay the balance of the purchase price upon delivery of the deed and possession. And upon the trial the plaintiff deposited the sum of $4 000 in court for the use of the defendants.

It further appears that at the time the deed was delivered to I. R. Mason the defendants understood that they were placing the deed beyond their control and that the same was to be delivered to the plaintiff upon compliance with his part of the contract. There was no question raised as to the sufficiency of the petition or form of the action.

The defendants answered by way of general denial and pleaded the statute of frauds. Other defenses were set up in the answer,

but appear to have been abandoned on the trial. After the answer was filed Mrs. Akers died, and the case was revived in the name of her heirs, who, being minors, appeared by guardian ad litem and adopted the answer of the original defendants.

The verdict and judgment went for the plaintiff and the defendants have appealed to this court, and while there are several assignments of error, the real contention of the defendants set out in their brief is as follows:

"That the mere execution of a deed and placing of the deed with the third party to be held until the money was paid, as shown in this case is not a sufficient delivery of the deed and that the testimony in this case shows that all the transactions were verbal and that therefore, there was no contract provided by the plaintiff which would take the case out of the statute of frauds and we also assert that the payment of a portion of the purchase price was not sufficient to take this case out of the statute of frauds."

The action being brought under the provision of section 466, Comp. Stat 1921, it was necessary for the plaintiff to establish a paramount equitable title against the holder of the legal title. Wilson v. Bombeck et al. 38 Ok'a., 498, 134 Pac. 382.

The case turns upon the question as to whether the recitals of the deed amount to a sufficient memorandum of the oral contract of sale and purchase to satisfy the statute of frauds. An agreement for the sale of real property is invalid, unless the contract or some note or memorandum thereof be in writing and subscribed by the party to be charged. Comp. Stat. 1921, section 5034. The deed was executed in pursuance of the oral contract and delivered in escrow. The escrow agreement being that it was in turn to be delivered to the plaintiff upon payment of the balance of the purchase price. There was no dispute upon this point on the trial, and it was competent to prove the escrow agreement by parol evidence. Devlin on Deeds, section 312A, 25 R C. L. 532, section 18. The statute of frauds has no application to such agreement, nor is it affected by the rule which forbids written contracts from being contradicted or varied by parol evidence, but while the escrow agreement may rest in and be proven by parol evidence, before there can be a valid escrow there must be a valid contract of sale and purchase. 11 Am. & E. Ency. (2nd Ed.) 335; Devlin on Deeds, section 313.

The deed deposited in this case, as we have seen, described the subject-matter, recited the consideration, named the vendors

and vendee, and was signed by the vendors —the parties to be charged. No Oklahoma case is pointed out by either of the parties in which the question here presented has been considered. In Campbell v. Thomas, 42 Wis. 432, 24 Am. Rep. 427, cited by the defendants, the parties entered into an oral contract for the sale and purchase of certain lands for a stipulated price, part of which was to be paid in money and the remainder by notes and mortgages. The plaintiff thereupon paid a small part of the purchase money, and the defendant executed a deed wherein was specified the consideration for the sale, but not the terms of payment, and delivered the deed to a third party with instructions to deliver it to the plaintiff upon his depositing the money, notes, and mortgage within a given time, and it was held that the recitals in this deed were not sufficient to satisfy the statute of frauds, but the court in that case said:

"If a person, who has made a parol agreement to convey land, executes an instrument in the form of a conveyance to the vendee and deposits it in escrow if such instrument contains the terms of the parol agreement including the consideration it is a sufficient compliance with the statute of frauds."

In Main v. Pratt (Ill.) 114 N. E. 576, it is said:

"A deed placed in the hands of a third person for delivery to the grantee on performance of a certain condition, was not a sufficient memorandum in writing of the contract to answer the requirements of the statute of frauds, though it contained the names of the parties, recited the consideration, and described the property involved, where it did not state the terms of the sale."

In that case, however, the deed appears to have recited a consideration of $10,500. The oral contract, pursuant to which the deed was executed, was that the vendee give his note for $2,500 due in one year without interest, and to execute another note for $8 000 due in five years and secured by a mortgage on the premises, and the court held that the recitals in the deed did not state the terms of the contract.

In Foulkes v. Sengstacken et al. (Ore.) 163 Pac. 311, the deed, deposited in escrow, recited the consideration of $1,500, but the oral contract under which the deed was deposited was that $500 was to be paid upon the deposit of the deed, to the depository, and $500 was to be paid at the end of one year, and $500 at the end of two years from said date, and the court held that these recitals did not satisfy the statute of frauds, for the reason that it did not contain the terms of the oral contract, and for the further reason that the vendee had not lived up to the contract.

In McLain v. Healy (Wash.) 168 Pac. 1, it appears that the deed executed and deposited in escrow recited a consideration of a given sum of money when in fact the contract under which the deed was executed was for the exchange of lands, and, of course, the deed did not recite the terms of the contract.

In Holland v. McCarthy et al. (Cal.) 160 Pac. 1069, it was held that a deed deposited with a third person for delivery to the grantee upon the payment of the purchase price, which recited a consideration of $10, was not a memorandum of the grantor's oral contract of sale for $3,000 sufficient to satisfy the statute of frauds.

We have examined the other cases pointed out in the plaintiffs in error's brief, and we have found no case in which a substantial reason is given why the recitals of a deed containing a memorandum of a contract for sale and purchase of lands and placed beyond the recall by the grantor should not be looked to as a memorandum in writing of the vendor's contract.

In Moore, Keppel & Co. v. Ward et al. (W. Va.) 76 N. E. 807, 43 L. R. A. 390, Anno. Cases 1914 C, 623, it is said:

"If after an oral contract for the sale and purchase of land the vendor makes, executes and delivers in escrow a deed for the land, reciting the consideration, and the terms and conditions of the sale, this will amount to a compliance with the statute of frauds and the contract if so alleged and proven will be enforceable"

In an elaborate editorial note to the above case, 43 L. R. A. (N. S.) 390, after reviewing a number of cases, the editor says:

"No case can be found where it has been necessarily held that a deed reciting fully the contract, and beyond the recall of the grantor, could not be looked to as memorandum in writing, of the vendor's contract to convey, required by the statute of frauds" —and substantially the same conclusion is reached in a note to the same case in Anno. Cases, 1914 C, 623, See, also, 10 R. C. L. 629, section 11. See, also, Jenkins v. Harrison, 66 Ala. 345; Johnston v. Jones, 85 Ala. 286, 4 South. 748; Cannon v. Handley (Cal.) 13 Pac. 315; Minnesota & O. Land & T. Co. v. Hewitt Investment Co. (Ore.) 201 Fed. 752.

In some of the cases cited by the defendants, the recitals were held to be insufficient for the reason that the time of payment was not specified. It is not necessary that the

memorandum, in order to satisfy the statute of frauds, shall contain all of the details of the contract. In Ullsperger v. Meyer (Ill.) 75 N. E. 482, the memorandum was dated and signed by the vendor and was as follows:

"Received of (the purchaser) $100 on said purchase of the property No. 1031 Milwaukee Ave., at the price of $14,000."

It was contended that this memorandum was insufficient, for the reason that no time was stated, and in answer to this contention the court said:

"It is insisted that there is no time specified for the completion of the contract, and that therefore the contract is not complete. Under such a contract the law would imply that it was to be performed within a reasonable time after entering into the same and what would be a reasonable time would be a matter of proof under all the conditions and circumstances that might surround the case"

See, also, 36 Cyc. 597; 26 Am. & E. Ency. (2nd Ed.) 37.

Under our statute:

"Time is never considered as the essence of a contract, unless by its terms expressly so provided." Comp. Stat. 1921, sec. 5061.

In our opinion the recitals of the deed necessarily implied payment upon the delivery of the deed (Jones v. Moncrief-Cook Co., 25 Okla. 856, 108 Pac. 403); and in any event, this question is settled by section 5060, Comp. Stat. 1921, as follows:

"If no time is specified for the performance of an act to be performed, a reasonable time is allowed. If the act is in its nature capable of being done instantly. as for example, if it consists in the payment of money only. it must be performed immediately upon the thing to be done being exactly ascertained."

Having reached the conclusion that the transaction between the plaintiff and original defendants amounted to a bona fide contract for the sale and purchase of the real estate in question, and was based upon a valuable consideration, and that the recitals in the deed constituted a sufficient memorandum of the contract to satisfy the statute of frauds, it necessarily follows that while the legal title remained in the vendors the equitable title passed to the vendee. It therefore becomes unnecessary to discuss the contention of the defendants that the deed was never delivered to the vendee. In such circumstances equity treats the vendor as a trustee for the purchaser of the estate sold, and the purchaser as a trustee for the purchase money for the vendor. Dunn v. Yakish, 10 Okla. 388, 61 Pac. 926; Fouts v. Foudray, 31 Okla. 221, 120 Pac. 960; Scott-Baldwin Co. et al. v. McAdams, 43 Okla. 161, 141 Pac. 770.

This action having been brought under the provision of section 466, supra, it was not essential that the plaintiff be the holder of the legal title, the action being a statutory one for the recovery of real estate by one who seeks to recover on the strength of a paramount equity against one holding the legal title only.

We therefore recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.