### SCHUERER v. CROCKETT et al.

No. 13047—Opinion Filed April 28, 1925.

(Syllabus.)

1. **Frauds, Statute Of— Parol Contract to Sell Land—Escrow Deed as Memorandum.**

Where the vendor, pursuant to a parol agreement to convey lands, executes a deed to the vendee and deposits the same in escrow to be delivered to the vendee upon the payment of the balance of the purchase price, and the recitals of such deed contain the terms of the parol agreement, including the consideration, it is a sufficient compliance with the statute of frauds.

2. **Same.**

The recitals of a deed which describes the subject-matter, names the vendor and vendee, and states the consideration is not insufficient as a memorandum by reason of its failure to state the time of payment, as such omission is supplied by section 5060, Comp. St. 1921.

3. **Same—Letter Written After Breach of Contract as Memorandum.**

Under the fifth paragraph of section 5034, Comp. St. 1921, a memorandum signed by the party to be charged is sufficient, even if the same be a letter written after the breach of the contract, and contains a repudiation of such contract.

Error from District Court, Jackson County; Frank Mathews, Judge.

Action by Henry W. Schuerer against

Will H. Crockett, C. C. McCormick, and the Farmers State Bank of Olustee, Oklahoma, for specific performance of contract. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

W. C. Austin, for plaintiff in error.

P. K. Morrill, for defendants in error.

PHELPS, J. This cause comes here on appeal from the district court of Jackson county, Okla., and the facts as disclosed by the record are substantially as follows: Henry W. Schuerer, plaintiff in error, who was plaintiff below, being the owner of a farm in Jackson county and desiring to sell the same, entered into negotiations with Will H. Crockett, one of the defendants herein, resulting in a verbal agreement on or about September 13, 1920, between Schuerer and Crockett, by the terms of which Schuerer was to sell the farm in question to Crockett for a consideration of $10,000. The land was occupied by a tenant who had a lease thereon which did not expire until January 1, 1921, and it was agreed between them that a warranty deed should be executed by Schuerer and deposited in the Farmers State Bank of Olustee, and at the same time Crockett should deposit the sum of $2,000 in said bank as a part of the purchase price, said $2,000 to be paid to Schuerer by said bank on January 1, 1921, and the deed to the land delivered to Crockett and the balance of the purchase price paid by him on January 1, 1921. The deed was executed by Schuerer, to which some objections were made by Crockett, but the corrections suggested by him were made and the deed and $2,000 deposited in said bank according to the agreement. Before the 1st day of January, 1921, defendant Crockett and defendant McCormick entered into some sort of an agreement between themselves, whereby McCormick furnished Crockett a part of the purchase price and became interested in the contract. The record discloses that Crockett put a price upon said land with a view to selling the same, but it appears that land values started going down and finances became more stringent and no buyer was found for the land, but the same was leased for agricultural purposes by defendants for the year 1921. Defendants also bought certain personal property, a granary and garage located upon the premises, giving their joint note in payment therefor. No complaint was made on the part of either party to the contract, but the deed and deposit were not exchanged on January 1, 1921, as contemplated by the agreement between the parties, and on January 3, 1921, Crock-

ett wrote Schuerer, who was then in the state of Illinois, the following letter:

"Olustee, Okla.
"Jan. 3, 1921.

"Mr. H. W. Schuerer,
"Nashville, Illinois.

"Dear Sir:

"Am writing you in regard to the land deal which we have on hand. Will say that on account of money conditions it is impossible at present for me to meet the payment. Therefore, I have two propositions to make you. One is that you give me until July 1st to pay balance due, provided you clear the title which upon examination of the abstract proved to be at fault, or I am willing to pay you $500 damages and cancel the contract. I want to do what is right and just, but conditions being such as they are don't feel that I am entitled to lose any more than $500. If either proposition doesn't suit you, and you demand payment now, or full amount of forfeit, you will have to collect it by law, and as there isn't any forfeit law in Oklahoma you may have quite a hard time doing that. I hope you will consider this in a friendly way and I would like to come to some peaceable settlement without any ill will or hard feelings.

"Respectfully yours,
"W. H. Crockett,
"Olustee, Oklahoma."

This was followed by negotiations between Schuerer and Crockett with reference to an extension of time for the payment of the balance of the purchase price, but failed of consummation and on February 9, 1921, Schuerer filed his action in the district court of Jackson county, setting up the facts and circumstances surrounding the transaction, praying judgment for specific performance against Crockett and McCormick, and further praying that he be given a specific lien upon the $2,000 in the bank and a lien against the land for the balance of the purchase price. The bank filed its answer disclaiming any interest other than a mere escrow holder, offering to conform to any judgment the court might render regarding its duty as an escrow holder. The defendants Crockett and McCormick answered by general denial, also setting up as their defense the statute of frauds. The case was tried to the court without the intervention of a jury and judgment rendered in favor of defendants, from which judgment and the court's order overruling his motion for new trial plaintiff appeals to this court.

There is practically no dispute between the parties to this action as to the facts,

and the real gist of the action is whether the facts pleaded and proved regarding the verbal contract for the sale of real estate take the case out of the application of the statute of frauds. The rule seems to have been well settled by this court that when the portion of a contract, within the statute of frauds, has been fully performed and the remaining duty consists only in the payment of money in pursuance of such contract, the defense that the contract comes within the statute of frauds cannot prevail.

In Rose v. First National Bank, 93 Okla. 120, 219 Pac. 715, this court announced the following rule:

"The provisions of the statute of frauds, of uses and trusts, have no application where the agreement has been completely performed as to the part thereof which comes within the statute, and the part remaining to be performed is merely a payment of the money, the promise to do which is not required to be in writing." Citing Logan v. Brown, 20 Okla. 334, 95 Pac. 441; Purcell v. Corder, 33 Okla. 68, 124 Pac. 457; Shippey v. Bearman, 57 Okla. 603, 157 Pas. 302.

In Arnett v. Westcott, 193 Pac. 377, the Supreme Court of Kansas, in discussing a similar proposition, makes use of the following language:

"Since an undelivered deed may constitute a sufficient memorandum, it is of no importance which party has the instrument in its possession, or where it comes from. If the memorandum or writing 'signed by the party to be bound thereby' is not in possession of either party, if it be found discarded and abandoned in some ash-heap, or floating upon the streets, and is produced at the trial and shown to have been signed by the parties sought to be bound, and otherwise answers the requirements of the statute, it is sufficient."

In the case of Jenkins v. Harrison, 66 Ala. 345, the court in discussing a similar question said:

"A deed drawn and executed with knowledge of both parties, with the view to consummation of the contract of sale, which, in itself and of itself, embodies the substance, though not the details or particulars, of the contract, naming the parties, expressing the consideration and describing the lands, though not delivered, and its delivery postponed until the happening of a future event, is a note or memorandum sufficient to satisfy the words, spirit, and purpose of the statute of frauds."

The very recent case of Akers v. Brooks, 103 Okla. 98, 229 Pac. 544, in our judgment, completely settles the rule laid down by this court applicable to the facts in the case at bar, wherein this court made use of the following language:

"The recitals of a deed, which describes the subject-matter, names the vendor and vendee, and states the consideration, is not insufficient as a memorandum by reason of its failure to state the time of payment, as such omission is supplied by section 5060, Comp. St. 1921.

"Where the vendor, pursuant to a parol agreement to convey lands, executes a deed to the vendee and deposits the same in escrow to be delivered to the vendee upon the payment of the balance of the purchase price, and the recitals of such deed contain the terms of the parol agreement, including the consideration, it is a sufficient compliance with the statute of frauds."

In the case under consideration the deed was introduced in evidence, and shows upon its face the parties to the contract, describing the land, the subject-matter of the contract, reciting the consideration to be paid therefor, and comes squarely within the rule laid down in Akers v. Brooks, supra. Even though it might be said that the deed deposited in the bank does not constitute a sufficient memorandum of the contract to take the case without the statute of frauds, under the rule laid down by this court in Bolene Refining Company v. Zobisch Oil Co., 98 Okla. 202, 224 Pac. 942, the letter written by Crockett to Schuerer would be sufficient within itself to take the case out of the statute of frauds. In discussing the question in that case this court said:

"The statute of frauds (sec. 5034, statutes) provides, in substance, 'that an agreement for the sale of goods at a price not less than $50, unless the buyer accept part thereof, or pay at the same time part of the purchase money, shall be invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent.' Plaintiff claims that on receipt of said orders by defendant, the latter mailed, and plaintiff received, a duly signed letter fully approving such orders. This, defendant denied. Plaintiff claimed said letter was lost and made secondary proof thereof, tending to support such claim. Plaintiff also introduced a letter duly signed by defendant, addressed to and received by plaintiff, dated February 17, 1920, as follows: 'Owing to the noncompliance on your part with verbal agreement entered into with our Mr. Eason on date of January 2, 1920, we regret to advise we are unable to approve of these orders. You will therefore please consider these orders canceled.'

"While this letter refers to a verbal agreement with its salesman—herein discussed—one evident purpose thereof was to

cancel the order. A memorandum is sufficient, if it be only a letter written by the party and contains an express repudiation of the contract. Citing Drury v. Young, 58 Md. 546, 42 Am. Rep. 343.

"In R. C. L. sec. 271, it is said: 'It is a general rule that the memorandum may be made after a breach of the contract, though the party to be charged has signed no writing by which he could be charged.'

"In Capital City Brick Co. v. Atlanta Ice & Coal Co., 5 Ga. App. 436, 63 S. E. 562, it is said: 'We have but little difficulty in holding that the course of the correspondence by the signed admission of the brick company evidences the agreement alleged by the ice company, though the former throughout the correspondence sought to repudiate the old contract and to make a new one. The statute of frauds does not contemplate that the contract between the parties shall be made in writing, but, as against the party to be charged, it shall be evidenced by a writing signed by him. * * * The moment written evidence of the contract under his hand, in whatever form, exists, the contract is taken out of the statute, even though such an admission is in the form of a letter repudiating the contract.' "

Practically the only authority cited by appellees is Halsell v. Renfrow, 14 Okla. 674 78 Pac. 118, and a careful examination of the facts in that case convinces us that the rule there laid down is not applicable to the facts in the case at bar.

In our judgment, the execution of the deed by plaintiff and placing it in escrow, and the writing of the letter by defendant admitting the existence of the verbal contract, so clearly and completely take the case without the statute of frauds that further discussion or comment is unnecessary. The judgment of the district court is therefore reversed, and the case remanded, with instructions to grant a new trial in conformity to the views herein expressed.

BRANSON, V. C. J., and LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 27 C. J. p. 353, § 431. (2) 27 C. J. p. 279, § 335. (3) 27 C. J. p. 264, § 312. See under (1) anno. 43 L. R. A. (N. S.) 390. (2) anno. 33 L. R. A. (N. S.) 84. (3) 25 R. C. L. 642.