## CLAY v. REYNOLDS.

No. 23502. Oct. 30, 1934.

Wilcox & Swank, for plaintiff in error.

Brown Moore, for defendant in error.

PER CURIAM. This cause comes here on appeal from the district court of Payne county, Okla. The plaintiff in error, R. J. Clay, was the defendant, and the defendant in error, Jack Reynolds, was the plaintiff in the trial court, and will be referred to in this opinion as they appeared in the trial court. The record discloses the following facts: The defendant, R. J. Clay, became the owner of a piece of land situated just east of the city of Cushing, on Highway No. 33, and particularly described in the pleadings. He acquired title to said real estate by being the winner at a raffle conducted by the Junior Chamber of Commerce of Cushing, Okla. Shortly thereafter, the plaintiff, Jack Reynolds, being desirous of purchasing the real estate, constituted Harry Riley his agent for the transaction. Reynolds at that time being a traveling salesman, necessitated his absence from Cushing a greater part of his time. On October 22, 1930, the defendant, Clay, entered into an agreement for the sale of said real estate to the plaintiff, Reynolds, for a total consideration of $500, of which $100 was paid in cash on that date and the balance of $400 was to be paid at the time the deed to the property was ready for delivery. It was admitted that the defendant, Clay, on that date executed a receipt in words and figures as follows:

"Cushing, Okla.

"October 22, 1930

"Received from Mr. Harry Riley, $100 to apply on purchase of lots drawn by R. J. Clay, the balance of $400 to be paid at time deed is ready for delivery.

"R. J. Clay."

It is undisputed that Roy Smaltz, cashier of the First National Bank of Cushing, was made escrow agent. The defendant, Clay, admits that he, joined by his wife, executed a deed to the land in question in favor of Reynolds, and placed it with the escrow agent on October 31, 1930. That deed contained a particular description of the land to be conveyed, the names of the parties grantors and grantee, and the consideration for said conveyance. On November 5, 1930, the plaintiff, Reynolds, as grantee, placed two checks of $200 each with the escrow agent, and then left on one of his business trips. Later, returning to Cushing, he discovered, on Monday, November 10th, that the deed was in the bank. It is disputed as to what then happened, but the jury's verdict supports the contention of the plaintiff, Reynolds, that he made the statement that he would go to Stillwater and have an abstract prepared, and would then take up the deed. This was prevented by the defendant, Clay, withdrawing the deed from the escrow agent on the evening of November 10, 1930. The defendant, Clay, later sold the land, thus rendering specific performance impossible, and this suit was instituted for damages for breach of contract. Trial to the jury resulted in a verdict in favor of the plaintiff for $200 damages. Timely appeal was perfected by the defendant, Clay, to this court.

Nine assignments of error are set forth in the brief of plaintiff in error as filed herein. In his brief, however, the plaintiff in error states:

"In presenting this argument the defendant takes the position that the trial court erred as a matter of law in overruling plaintiff's demurrer to the second amended petition. It also erred in overruling the demurrer of the defendant to the evidence of the plaintiff and these two assignments will be argued together."

The case therefore resolves itself into the question as to whether there was sufficient writing evidencing the contract of sale to take the same out of the statute of frauds. A determination of that question decides this case.

This court has definitely adopted the rule that where the vendor pursuant to a parol agreement to convey lands executes a deed to the vendee and deposits the same in escrow to be delivered to the vendee, upon the payment of the balance of the purchase price, and the recitals of such deed contain the terms of the parol agreement, including the consideration, it is a sufficient compliance with the statute of frauds. In the case of Schuerer v. Crockett, 108 Okla. 218, 236 P. 30, this court, speaking through Mr. Justice Phelps, quoted with approval the language of the Supreme Court of the state of Alabama in the case of Jenkins v. Harrison, 66 Ala. 345, wherein it was said:

"A deed drawn and executed with knowledge of both parties, with the view to consummation of the contract of sale, which, in itself and of itself, embodies the substance, though not the details or particulars of the contract, naming the parties, expressing the consideration and describing the lands, though not delivered, and its delivery postponed until the happening of a future event, is a note or memorandum sufficient to satisfy the words, the spirit, and purposes of the statute of frauds."

And, in that case, Justice Phelps quoted with approval the case of Akers v. Brooks, 103 Okla. 98, 229 P. 544, as completely settling the rule laid down by this court. In which last-mentioned case, this court made use of the following language:

"Where the vendor, pursuant to a parol agreement to convey lands, executes a deed to the vendee and deposits the same in escrow to be delivered to the vendee upon payment of the balance of the purchase price, and the recitals of such deed contain the terms of the parol agreement, including the consideration, it is a sufficient compliance with the statute of frauds."

In the case at bar, the uncontradicted proof is that the defendant and his wife executed a warranty deed to the plaintiff and deposited it in escrow. It is well established that an undelivered deed may constitute a sufficient memorandum, and it is of no importance which party has it in his possession, or where it comes from. The Supreme Court of Kansas, in the case of Arnett v Westcott, 193 P. 377, said:

"If the memorandum or writing 'signed by the party to be bound thereby' is not in possession of either party, if it be found discarded and abandoned in some ash-heap, or floating upon the streets, and is produced at the trial and shown to have been signed by the parties sought to be bound, and otherwise answers the requirements of the statute, it is sufficient."

In addition to the deed admittedly executed and delivered to the escrow agent in this case, the defendant signed another paper referred to in the record as a receipt which the defendant, Clay, admits was executed as evidence of the oral contract to

convey, and refers to the lots described in the deed and specified the consideration therefor.

It is a well established principle of general application that a complete contract binding under the statute of frauds may be entered into by letters, telegrams, or other writing between the parties relative to the subject-matter of the contract. That general principle is well stated in 27 C. J. 259, at section 308, wherein it is said:

"The note or memorandum required by the statute of frauds need not be contained in a single document, nor, when contained in two or more papers, need each paper be sufficient in contents and signature to satisfy the statute. Two or more writings properly connected may be considered together, matters missing or uncertain in one may be supplied or rendered certain by the other, and their sufficiency will depend upon whether, taken together, they meet the requirements of the statute as to contents and signature."

This court has definitely adopted that rule. See Heacock v. Kniesley, 101 Okla. 135, 224 P. 184; Massie-Wilson Grocery Co. v. Carroll, Brough, Robinson & Humphrey, 105 Okla. 56, 231 P. 1084; Hopkins v. Walker, 144 Okla. 254, 291 P. 70.

It is urged by the plaintiff in error that because the part payment receipt and the deed failed to specify the time of payment, such omission renders said written instruments deficient as written evidence taking said contract out of the statute of frauds. This court, in the case of Akers v. Brooks, supra, and in Schuerer v. Crockett, 108 Okla. 218, 236 P. 30, has settled that question against the contention of the plaintiff in error in the following language:

"The recitals of a deed, which describes the subject-matter, names the vendor and vendee, and states the consideration, is not insufficient as a memorandum by reason of its failure to state the time of payment, as such omission is supplied by section 5060, Comp. St. 1921." (Sec. 9481, Okla. Stats. 1931.)

It is also urged by the plaintiff in error that the decision of this court in the case of Farmers State Bank v. Cox, 40 Okla. 672, 139 P. 953, is decisive of the case at bar. In that case, Cox was to execute a deed to one Bennett. Each placed in escrow a forfeiture check of $200. Bennett was to make application for a loan of $1,000 and execute a mortgage therefor on the land in question. Cox was then to assist in procuring the loan, the proceeds of which were to be applied as part payment on the purchase price. There being a note, check, and deed in writing, it was contended in that case that the contract was not within the statute of frauds because of those three instruments, but, in that case, neither the note, check or deed, nor all three considered together, contained the provisions set out above, by which the purchase price of the land was to be paid, and it was necessary to rely on parol evidence for proof of the entire contract. No such condition exists in the case at bar. The receipt and the deed completely and fully disclose the entire transaction between the parties. The contract thus stands as an escrow transfer of the land between the parties for a consideration of $500, and no necessity existed for going outside of the written evidence of the contract to establish the terms thereof.

It is also urged that the receipt is not sufficient in that it does not describe the land to be conveyed, but, as we have seen, the deed alone admittedly executed by the defendant, Clay, constituted a sufficient memorandum in writing to take the case out of the statute of frauds.

Having reached the conclusion that the written evidence of the oral agreement consisted of said receipt and the warranty deed executed in compliance therewith was sufficient to take the contract out of the statute of frauds, we conclude that the judgment of the trial court should be and is in all things affirmed.

The Supreme Court acknowledges the aid of Attorneys D. S. MacDonald, A. H. Ferguson, and Don Welch in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. MacDonald and approved by Mr. Ferguson and Mr. Welch, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter upon consideration, this opinion was adopted.