Garner PETTIGREW, Plaintiff in Error,

v.

Kathryn J. DENWALT and Freeman Denwalt, Defendants in Error.

No. 40861.

Supreme Court of Oklahoma.

Feb. 21, 1967.

Rehearing Denied May 23, 1967.

Ralph A. Myers, Jr., El Reno, Miller, Melone, Wilson, Adams & Rogers, Oklahoma City, for plaintiff in error.

Porta & Weaver, El Reno, for defendants. in error.

PER CURIAM.

This is an appeal from the District Court of Canadian County, Oklahoma, wherein Kathryn J. Denwalt and Freeman Denwalt, wife and husband, respectively, as plaintiffs brought a declaratory judgment action against Garner Pettigrew, as defendant, seeking the determination that Pettigrew had no leasehold estate beyond the year 1963 on certain farm lands and sought to permanently enjoin the defendant, Garner Pettigrew, from asserting any interest therein beyond such year.

The court issued a temporary restraining order against the defendant, enjoining him from in any manner interfering with the title, possession, ownership, domain and control of the plaintiffs over the lands involved. The defendant answered, asserting a valid and existing lease for a period of five years. The plaintiffs filed their reply. Thereafter the defendant filed a separate amended answer and cross-petition against the plaintiffs, and the defendant filed a separate amended answer. To these answers and cross-petition the plaintiffs replied. The matter was tried on the question of granting of a permanent injunction.

The trial court found the issues to be in favor of the plaintiffs and that the original lease to defendant expired on the first day of August, 1963, and that as to the growing crops said lease expired as of the time in the year 1963 when said crops were harvested. The plaintiffs were granted a permanent injunction, enjoining the defendant from having any possession or claim thereto as to any of the lands in controversy from and after the expiration of the lease in 1963. The defendant Pettigrew appeals. The parties will be referred to as they appeared in the trial court.

The facts are that plaintiff, Kathryn Denwalt, in her individual capacity, owned a 160-acre farm in Canadian County, Oklahoma, referred to as the "hill place," and both plaintiffs jointly owned another 160-acre farm in Canadian County, Oklahoma, referred to as the "home place." The two tracts were several miles apart.

The two farms were orally leased by the plaintiff, Freeman Denwalt, to defendant for the year 1962 for a cash rental. The term of this first oral lease, whether it was for a "crop" or "calendar" year and the rental therefor were in dispute between the parties.

A portion of the home place had been planted in wheat by plaintiffs at the time the initial oral lease was entered into, but none had been planted on the hill place. The defendant took possession of both farms in January, 1962, and thereafter planted 90 acres of maize on the hill place in the spring of 1962, harvesting the maize crop from the hill place in the fall of 1962 and the wheat crop from the home place in the summer of the same year.

The record discloses that oral negotiations were commenced for further leasing of the two farms. As a result of these verbal negotiations the defendant asserts an oral agreement was made between the plaintiff, Freeman Denwalt, and himself whereby the two farms were leased to defendant for a term of five (5) years beginning January 1, 1963, at an annual cash rental of $2,750.00 per year. Plaintiffs deny entering into any negotiations with defendant for a five (5) year lease of the two farms.

The defendant planted the home place in wheat in the fall of 1962 and the hill place in maize in the spring of 1963. The plaintiffs sold or attempted to sell the home place at public auction to one Harry Von Tungeln, and this action was brought when defendant asserted that he had a five-year lease on the premises.

The defendant asserts a valid oral five-year farming and grazing lease, contending that certain checks were given and cashed that constitute written evidence to sustain the lease agreement. Various checks were given in the year 1962 by the defendant to the plaintiff, Freeman Denwalt, and were cashed by him. However, there is substantial dispute as to these checks being related to the leasing of the land for a five-year term as contended by defendant.

Thus we are of the opinion that this appeal poses a single question: Were the checks as given and paid sufficient written memoranda to constitute a valid and enforceable lease agreement of the lands under our statute of frauds for a five-year period in controversy?

Although many checks passed between the defendant and the plaintiff, Freeman Denwalt, the defendant contends that there

were four checks that provided the sufficient memoranda of the alleged five-year lease agreement. These checks are as follows:

Check #1. A personal check for $50.00 dated July 14, 1962, drawn by defendant on the Citizens National Bank of El Reno, Oklahoma, to the order of Freeman Denwalt, and endorsed "Freeman Denwalt," which instrument bears upon its face the following notation:

(Plaintiffs' Exhibit #2)

"Apply on rent on 2 places
1963 Rent Bal. $2,700.00
5 year lease."

Check #2. A personal check for $300.00 dated July 29, 1962, drawn by defendant on the aforesaid bank to the order of Freeman Denwalt, and endorsed "Freeman Denwalt," bearing on its face the notation:

(Defendant's Exhibit #11)

"to apply on Farm lease"

Check #3. A personal check for $300.00 dated August 13, 1962, drawn by the defendant on the aforesaid bank to the order of Freeman Denwalt, and endorsed "Freeman .Denwalt" "Linn Denwalt," bearing on its face the notation:

(Defendant's Exhibit #12)

"to apply on first year lease on 320 acres."

Check #4. A personal check for $2,100.00 dated August 13, 1962, drawn by the defendant on the aforesaid bank to the order of plaintiffs, Freeman & Kathryn Denwalt, and endorsed "Freeman & Kathryn Denwalt," bearing on its face the notation:

(Plaintiffs' Exhibit #1)

"Balance of 1963 lease on 320 acres total cash lease $2,750.00."

15 O.S.1961, § 136 provides:

"The following contracts are invalid, *unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent*:

\* \* \* \* \* \* \* \* \* \* \*

"5. An agreement for the leasing for a longer period than one year \* \*. \* of real property \* \* \*; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged." (Emphasis supplied.)

———◆———

This Court in the syllabus of Turner v. Baxter, 207 Okl. 337, 249 P.2d 725, stated:

"A contract for the sale of real property, entered into by an alleged agent of the owner of such real property, and a third person, is invalid under the Statute of Frauds, unless the authority of such agent to sell such real property be in writ-

ing, subscribed by such owner, and such authority must be specific and certain as to the authority conferred, the terms, the description, and parties, so that the authority is disclosed by the writing itself and recourse to parol evidence to show the intention of the parties is unnecessary."

■ The evidence shows that only one check was endorsed by the plaintiff Kathryn Denwalt, and this check and its notation dealt entirely with the one-year lease for 1963. The justification of the statute of frauds is most evident in its application in this instance. Kathryn Denwalt testified that she had made first a one-year lease and again leased to the defendant for a second one-year term. The very purpose of the statute of frauds would be destroyed if upon a single check dealing with a one-year lease, an owner could be charged with having made a valid five-year lease.

Clearly no authority in writing was ever given and subscribed by Kathryn Denwalt authorizing Freeman Denwalt to make a five-year lease.

The defendant, to sustain his position that Kathryn Denwalt cannot claim that her husband had no authority to lease because he had no written authorization because she has retained the benefit of the transaction, cites as authority Alma Investment Corp. v. Wilson, Okl., 385 P.2d 501. With this we do not agree as the facts in the two cases differ materially. There the husband signed a contract to sell real estate owned by his wife and him. Pursuant to the terms of the contract two checks were issued to the husband and wife. The first bore the notation, "Deposit on 10 acres and 3-room house 4 miles west of Sapulpa as per contract;" and the second check bore the notation, "To reinstate contract entered into June 22, 1956, with $150.00 applying toward purchase price."

These notations clearly show a purchase and sale contemplated, both checks made and paid to both sellers, and it was assumed that both sellers received and retained the proceeds. The checks that Kathryn Denwalt received in the instant case do not show anything except payment for one-year lease agreement.

■ The written memorandum to be sufficient must be complete in itself and leave nothing to rest in parol. The memoranda or writings must plainly set forth the parties to the contract, the subject matter thereof, the price or consideration, a description of the property, and all of the terms and conditions of the contract, and must leave nothing to rest in parol. See Irvine v. Haniotis, 208 Okl. 1, 252 P.2d 470; Hawkins v. Wright, 204 Okl. 55, 226 P.2d 957; Jennings v. New York Petroleum Royalty Corp., 169 Okl. 528, 43 P.2d 762; Mason Motors Spirit Distributing Co. v. Cosden, 105 Okl. 244, 231 P. 890; Atwood v. Rose, 32 Okl. 355, 122 P. 929; and Halsell v. Renfrow, 14 Okl. 674, 78 P. 118, aff'd 202 U.S. 287, 26 S.Ct. 610, 50 L.Ed. 1032.

■ It is true that this Court holds that a contract for the sale of lands, binding under the statute of frauds, may be gathered from letters, writings and telegrams between the parties relating to the subject matter of the contract and so connected with each other that they may be fairly said to constitute one paper relating to the contract, but in order to be sufficient, the letters, telegrams and writings relied upon must, by reference to each other, disclose every material part of a valid contract and must be signed by the party sought to be charged, must set out the parties, the subject matter, the price, the description of the property, terms and conditions and leave nothing to rest in parol. Anderson v. Garrison, Okl., 402 P.2d 873. See also Gall v. Brashier, 10 Cir., 169 F.2d 704, 12 A.L.R. 2d 500; Farmers' Produce Co. v. McAlester Storage & Commission Co., 48 Okl. 488, 150 P. 483, L.R.A.1916A, 1297; and Atwood v. Rose, 32 Okl. 355, 122 P. 929.

■ Both the plaintiffs and the defendant in their briefs agree that the above statement is the law in this jurisdiction. We hold that the writings (checks) relied on by the defendant, when subjected to the

test of sufficiency, were not complete enough to constitute a binding lease agreement that would satisfy the requirements of the statute of frauds.

The record further reflects substantial evidence tending to establish that Kathryn Denwalt, who was the sole owner of the "hill place" and who was a joint owner with her husband of the "home place," which latter farm was the homestead of the parties, never at any time entered into any five-year lease of the lands in favor of the defendant.

The defendant cites Clay v. Reynolds, 169 Okl. 416, 37 P.2d 244, 100 A.L.R. 192. However, the ruling on that case was based on a fully executed deed and a receipt setting forth time for payment of balance of consideration.

In Thompson v. Giddings, Okl., 276 P.2d 229, cited by defendant, the party to be charged admitted the signing of a receipt, which receipt refers to the check. Both the receipt and check, referring to or being a part and parcel of the same transaction, were considered together. The party to be charged endorsed the check and admitted signing the receipt, stating she furnished him the blank. There was a complete meeting of the minds.

Our review of this record fails to disclose any such proof, as in the Thompson case, that the various checks were executed and exchanged as part of the same transaction. Every act by Kathryn Denwalt supports instead the creation of one-year leases. No direct act by her shows an intent to burden her separate property or her homestead with a five-year lease. An application of the statute of frauds to protect her is proper.

The consideration of the homestead feature of the home place and the law applicable thereto further shows the consistency of the reasoning of the trial court.

16 O.S.1961, § 4 provides in part as follows:

"No deed, mortgage or other conveyance relating to real estate or any interest therein, other than for a lease for a period not to exceed one (1) year, shall be valid until reduced to writing and subscribed by the grantors; and no deed, mortgage or contract relating to the homestead exempt by law, except a lease for a period not exceeding one (1) year, shall be valid unless in writing and subscribed by both husband and wife, where both are living and not divorced, or legally separated, except to the extent hereinafter provided. * * *"

31 O.S.1961, § 2 defines the homestead referred to in the above statute as follows:

"The homestead of any family in this State, not within any city, town or village, shall consist of not more than one hundred and sixty acres of land, which may be in one or more parcels, to be selected by the owner. * * *"

The plaintiffs at the time of the alleged making of the five-year lease and to and including the time of the trial resided upon the home place and the same was constituted their homestead, and the evidence discloses the defendant was aware of that fact.

In Wilson v. Clark, 97 Okl. 299, 223 P. 668, this Court in its second syllabus said:

"Under the above provisions of the statute of Oklahoma the homestead exempt by law cannot be alienated except by a written instrument joined in and subscribed by both husband and wife, where the relation exists. The execution and delivery of two separated and distinct deeds by each of the spouses is not a sufficient compliance with the statute to convey title to the homestead."

Clearly there was no valid five-year lease agreement to the homestead.

The checks relied on as sufficient written instruments to relieve the alleged oral lease agreement from the application of the statute of frauds are clearly insufficient. The failure of the essential requirements of the signature of the party to be charged, i. e., Kathryn Denwalt, and of the lack of relationship of the various checks, makes no further consideration necessary as to the

remaining essentials of the price, description, terms and conditions.

In a case of equitable cognizance the appellate court will examine and weigh the evidence, but the findings and judgment of the trial court will not be disturbed on appeal unless it is made to appear such findings and judgment are against the clear weight of the evidence. Roddy v. Roddy, Okl., 288 P.2d 1117. We have carefully reviewed the record herein and find that the judgment of the trial court should be and the same is therefore affirmed.

This Court acknowledges the services of R. Rhys Evans, who with the aid and counsel of Louis A. Fischl and Gene T. Ritter, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to LAVENDER, J., for review and study, after which and upon consideration by the Court the foregoing opinion was adopted.

All the Justices concur.